The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 ***********
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction over the parties and over the subject matter.
2. That all parties are subject to and bound by the North Carolina Workers Compensation Act.
3. That all parties have been properly designated and that there is no question as to misjoinder or nonjoinder of parties.
4. That an Order Approving Compromise Settlement Agreement was entered by Executive Secretary Tracey H. Weaver on December 30, 1997, awarding plaintiff a one-time lump sum settlement of $375,000.00, subject to a twenty percent (20%) attorneys fee, thereby $300,000.00 to plaintiff Samuel J. Morris and $75,000.00 to attorney Fred D. Poisson, Jr., and is received into evidence.
5. That defendant was sent a copy of the Order on the date of filing, December 30, 1997, which was received by defendant on December 31, 1997.
6. That the payments of $300,000.00 to plaintiff and $75,000.00 to Poisson, Poisson, Bower Clodfleter were received at Mr. Poissons office, 300 East Wade Street, Wadesboro, North Carolina, at 1:52 p.m. February 9, 1998.
7. That February 9, 1998 was a Monday.
8. That January 21, 1998, defendant issued three (3) sequential checks drawn on the First Union National Bank of North Carolina, Raleigh, North Carolina 27602, on the account of North Carolina Transportation and Industry Self-Insurers Fund, c/o Carolina Risk Management, check numbers 099345, 099346 and 099347, reproduced in plaintiffs original Brief In Response To Defendants Opposition To Plaintiffs Petition For a 10% Penalty to Executive Secretary Weaver for penalties, set forth in the Pre-Trial Agreement as Exhibit "2. These three checks are Exhibits "B, "C, and "D of Exhibit "2.
9. That the first check, 099345, in the amount of $442.00, Exhibit "B of the Pre-Trial Exhibit "2, was received by plaintiff into his bank account at Centura Bank on January 24, 1998.
10. That Exhibit "E of the Pre-Trial Exhibit "1 is a copy of the transaction deposit receipt for the deposit of the $442.00 referenced in the previous paragraph.
11. That the face of the UPS Next Day Air Letter in which Mr. Morris settlement check and the check for attorneys fees ultimately arrived, indicated on its face the date of shipment as January 26, 1998. (See Exhibit "F of Pre-Trial Exhibit "2).
12. That plaintiffs settlement check and the check for attorneys fees were shipped by UPS on February 6, 1998.
13. Plaintiff and defendant stipulate that defendants witnesses would testify under oath if called, as follows:
 a. The settlement checks issued to plaintiff and plaintiffs counsel were not intentionally held until they were sent out by overnight delivery on February 6, 1998; but rather, they were originally prepared in mid-January of 1998, and the delay in forwarding them was due to a clerical oversight;
 b. When that oversight was discovered on Friday, February 6, 1998, the checks and overnight package were immediately delivered by UPS for transmittal to plaintiff, through his attorney, and were received in plaintiffs attorneys office on Monday, February 9, 1998;
 c. After the clerical error in question was discovered, counsel for defendant apologized to plaintiffs counsel for the delay in forwarding the settlement checks; and on February 11, 1998, defendant issued a check in the amount of $1,326.00 covering the three week period from January 5, 1998 through February 15, 1998.
14. Plaintiff does not admit that the facts to which defendant would testify in 13(a) and 13(b) of the previous paragraph are true.
15. If called to testify, plaintiff would state that while defendant has forwarded temporary total disability checks through February 15, 1998, plaintiff has not cashed those covering the period of time between January 25, 1998 and February 15, 1998.
16. Plaintiff may now cash said check without prejudice to this claim.
The parties also stipulated to certain documents pertaining to approval of the Compromise Settlement Agreement and plaintiffs subsequent motion for ten percent penalty, of which documents were marked Stipulated Exhibits 1-11.
 ***********
Based upon all of the stipulations set forth in the parties Pre-Trial Agreement, as well as competent and credible evidence gleaned from the stipulated exhibits, the undersigned make the following:
 FINDINGS OF FACT
1. Plaintiff, who is now 48 years old, was employed by defendant as a driver on March 4, 1993, when he sustained an injury to his low back. Defendant admitted liability for the injury pursuant to a Form 21 Agreement, and paid plaintiff temporary total disability benefits from the date of the injury through February 9, 1998.
2. On December 16, 1997, the parties entered into an Agreement of Final Settlement and Release, whereby defendant agreed to pay plaintiff the sum of $375,000.00.
3. On December 30, 1997, the Industrial Commission entered an Order approving the Compromise Settlement Agreement. Defendant received this Order on December 31, 1997.
4. On January 21, 1998, defendant issued three checks payable to plaintiff and his attorney, in disbursement of the settlement proceeds. Defendant prepared a UPS Next Day Air Letter to forward the checks to plaintiffs counsel on January 26, 1998; but due to clerical oversight and unintentional inadvertence, they were not sent out for overnight delivery until Friday, February 6, 1998.
5. Counsel for plaintiff received the checks in question on Monday, February 9, 1998.
6. The thirty-ninth day following defendants receipt of the Order Approving Compromise Settlement Agreement fell on February 8, 1998 (a Sunday).
 ***********
Based upon the foregoing findings of fact, in conjunction with the stipulations entered into by the parties and adopted by the undersigned, the undersigned enter the following
 CONCLUSIONS OF LAW
1. An Order of the Industrial Commission approving a Compromise Settlement Agreement is appealable by either party. North Carolina Gen. Stat. 97-85; see, also, Felmet v. Duke Power Company, Inc., No. COA97-1393 filed October 6, 1998, slip opinion p. 3, wherein the Court of Appeals noted that the appellate courts of this state ". . . have consistently heard and decided appeals involving compromise settlements."
2. The signing or approval of a Compromise Settlement Agreement does not constitute a waiver of the right to appeal the Order approving the agreement. This is so even when the agreement itself acknowledges what is, in fact, the law, that it will become binding when approved by the Industrial Commission. Felmet, supra.
3. Defendant had thirty-nine days from receipt of the Order Approving Compromise Settlement Agreement to tender payment to the plaintiff. SeeFelmet, supra, construing N.C. Gen. Stat. 97-28(e) under like circumstances. Since the thirty-ninth day in this case fell on a Sunday, defendant had until Monday, February 9, 1998 to tender the settlement funds to the plaintiff. Rule 609(8) of the Rules of the Industrial Commission.
4. Because defendant made timely payment of compensation within fourteen (14) days after it became due, plaintiff is not entitled to a ten percent (10%) penalty pursuant to N.C. Gen. Stat. 97-18(g).
5. Defendants motion for attorneys fees is hereby DENIED because plaintiffs pursuit of this claim for ten percent (10%) penalty after the Court of Appeals decision in Felmet, supra, in the undersigned discretion and opinion, does not rise to the level of unfounded litigiousness at either the initial or appeals level. N.C. Gen. Stat. 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following:
 ORDER
1. Plaintiffs claim for a ten percent (10%) penalty is HEREBY DENIED.
2. Defendants motion for attorneys fees is, as stated above, HEREBY DENIED.
3. Each side shall pay its own costs.
It is furthermore ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the 27th day of August 1999.
 S/_________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
JHB:kws